THE FARMERS' NATIONAL BANK OF MALONE, Respondent, *v.* ST. REGIS PAPER COMPANY, Appellant.

*Demurrer — when allegations of false representations on a sale, set up as a complete defense to an action for the purchase price, are demurrable — counterclaim — rescission.*

In an action brought by the Farmers' National Bank of Malone against the St. Regis Paper Company to recover upon a negotiable promissory note made by the defendant and delivered to the Forest Land and Mill Company and transferred to the plaintiff before maturity, the defendant interposed an answer alleging, as a complete defense, that the note in suit was given in part payment for 22,500 acres of land purchased by the defendant from the Forest Land and Mill Company, and that at the time of the sale the Forest Land and Mill Company had made false representations concerning the quantity of pulp wood upon the land; that if the representations had been true the land would have been worth eight dollars an acre, but the representations being false it was worth only two dollars per acre.

*Held,* that the matter set forth in the answer did not constitute a complete defense, as the defendant could not retain the land and still refuse to pay any part of the purchase price, and that the answer was consequently demurrable;

That such matter should have been set up, if at all, by way of counterclaim or under a demand that the sale be rescinded.

APPEAL by the defendant, the St. Regis Paper Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 14th day of July, 1902, upon an order made at the Saratoga Special Term sustaining the plaintiff's demurrer to the third separate defense contained in the defendant's answer, and directing judgment in favor of the plaintiff.

*Henry Purcell,* for the appellant.

*John P. Badger,* for the respondent.

KELLOGG, J.:

The action is brought to recover upon a negotiable promissory note of $12,000, made by defendant and delivered to the Forest Land and Mill Company, and, as alleged, transferred before maturity to the plaintiff. The portion of the answer demurred to is claimed by defendant to be a complete defense and bar to the action, and

the facts alleged are so pleaded. The facts are not claimed to be a partial defense; nor are they alleged as a counterclaim to the whole or to a part of the plaintiff's claim. In substance, the defense demurred to alleges that the note in suit was given as a partial payment upon a purchase by defendant from the Forest Land and Mill Company of 22,500 acres of land. The land was deeded to defendant, and the promissory notes and other agreed consideration were turned over to the vendor. The defendant alleges that false representations were made by the vendor as to the quantity of pulp wood upon the land at the time of sale, and alleges that if the quantity as represented had been upon the land it would have been worth eight dollars per acre, but in fact the land, because of the absence of pulp wood, was worth only two dollars per acre. The allegations are sufficient, if true, to entitle the defendant to a rescission of the contract for fraud in case defendant restored to the vendor the lands deeded to defendant. But defendant does not seek to rescind the contract. The allegations are also sufficient to make out a cause of action for damages against the vendor, and such damages might be counterclaimed in an action to recover the purchase price, but defendant does not seek to counterclaim such damages in this action against plaintiff's claim, but he pleads these facts as a bar to the action, a complete defense, and asks for a dismissal of the complaint. That it is not a defense, it seems to me, is too apparent to admit of argument. The matter alleged does not show a failure of consideration so as to defeat the claim on that ground. Nor can it be interpreted as a denial of any material allegation of the complaint, for the facts alleged are not inconsistent with the complaint or with any part of it. That the defendant cannot retain the lands and be supported in its refusal to pay any part of the purchase price is also too clear to need argument or citation of authorities, unless the defendant, by way of counterclaim in an action for the purchase price, shows its damages to be in excess of the purchase price, but that can be shown only by way of counterclaim as the Code provides.

The judgment must, therefore, be affirmed, with costs.

PARKER, P. J., SMITH, CHASE and CHESTER, JJ., concurred.

Interlocutory judgment affirmed, with costs.